IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FASTMODEL HOLDINGS, LLC, d/b/a FASTMODEL SPORTS an Delaware Limited Liability Corporation<br><br>Plaintiff,<br><br>v.<br><br>LUCEO SPORTS, LLC, an Arizona Corporation; BRIAN KETO, individually; and ANDREW GRAHAM, individually,<br><br>Defendants. | Case No.<br><br><br>**JURY TRIAL DEMANDED** |

## **VERIFIED COMPLAINT**

Plaintiff, FASTMODEL HOLDINGS, LLC d/b/a FastModel Sports®, successor in interest to FastModel Technologies, LLC ("Plaintiff" or "FastModel"), by and through its attorneys, Johnson & Bell Ltd., for its Verified Complaint against LUCEO SPORTS, LLC ("Luceo Sports"), BRIAN KETO ("Keto"), ANDREW GRAHAM ("Graham") (collectively as "Defendants") states as follows:

### **ALLEGATIONS COMMON TO ALL COUNTS**

**Nature of this Action**

1. This action arises out of Defendants' violation and threatened continued violations of the Defend Trade Secrets Act of 2016 (18 U.S.C. §1836) and breach of contract.

2. Defendants Keto and Graham, former employees of FastModel, took FastModel's trade secrets and confidential information without authorization from FastModel.

3. Keto and Graham used and disclosed those trade secrets to Defendant Luceo Sports for their personal gain and the gain of Luceo Sports.

## The Parties

4.   FastModel is a Delaware Limited Liability Corporation with its principal place of business at 444 N. Michigan Avenue, Suite 760, Chicago, Illinois 60611.

5.   Since the early 2000's, FastModel is in the business of developing basketball software products for use by professional basketball teams, Men's and Women's NCAA Division I college teams, high school teams, and youth teams in over 75 countries.

6.   FastModel owns numerous federally registered trademarks, patents, and copyrights in connection with its software.

7.   FastModel developed FastDraw® iOS, which is software for basketball play diagramming that allows the coach to draw, organize, and share plays and drills.

8.   FastModel requires its employees, including Keto and Graham, to sign a Confidentiality/Work Made for Hire Agreement ("Confidentiality Agreement") when they commence their employment with FastModel.

9.   Defendant Keto signed such a Confidentiality Agreement. A true and correct copy of Keto's Confidentiality Agreement is attached as Exhibit A.

10.   Defendant Graham signed such a Confidentiality Agreement. A true and correct copy of Graham's Confidentiality Agreement is attached as Exhibit B.

11.   As of 2013, FastModel employees, including Keto, received an Employee Handbook. A true and correct copy of the Employee Handbook is attached as Exhibit C.

12.   On September 20, 2013, Keto acknowledged and agreed that he received FastModel's Employee Handbook and was familiarized with the policies by signing an Employee Acknowledgment Form ("Acknowledgment Form). A true and correct copy of Keto's Acknowledgment Form is attached as Exhibit D.

13. By signing the Acknowledgment Form, Keto acknowledged and agree that he had the ethical responsibility at all times to maintain strict confidentiality as to any matter on which FastModel is working on and to continue to avoid disclosing confidences once the work is completed. (Exhibit C at p. 15).

14. Defendant, Luceo Sports, LLC, is an Arizona Limited Liability Corporation with its principal place of business at 525 N. Miler Road, Unit 226, Scottsdale, Arizona 85257.

15. Luceo Sports is in the business of developing software used by professional basketball coaches around the world.

16. Luceo Sports developed a product called "Assist iOS", which features animated playbooks and diagrams for the sport of basketball.

17. Defendant, Keto, is an individual residing at 2045 W. Haddon Avenue, Chicago, Illinois 60622.

18. From June 2013 to November 2014 Keto was an employee of FastModel and held the position of Senior Software Engineer.

19. During this period, Keto worked at FastModel's offices in Chicago, Illinois.

20. At FastModel, Keto was the lead iOS Developer for creating an iPad application for Plaintiff's product FastDraw®.

21. After Keto left FastModel's employment, Keto became Co-Founder and Chief Technology Officer for Luceo Sports.

22. At Luceo Sports, Keto, and those in concert with him, including Defendant Graham, developed software that helped basketball players learn their playbooks, including but not limited to "Assist iOS".

23. Defendant, Graham, is an individual residing at 3731 Hatcher Road, Phoenix, Arizona 85028.

24. From June 2010 to December 2014 Graham was an employee of FastModel and, at the time of employment termination, held the position of Vice President Consumer Business Group.

25. During this period, Graham worked for FastModel first form his home in Arizona and from November 2013 in its offices in Chicago, Illinois.

26. Graham is a Co-founder and Chief Executive Officer of Luceo Sports.

**Jurisdiction and Venue**

27. This Court has subject matter jurisdiction under 28 U.S.C. §1331 and 18 U.S.C. §1836(c).

28. This Court has supplemental jurisdiction over the state law claim in Count II under 28 U.S.C. §1367.

29. This Court has personal jurisdiction over Defendants pursuant to 735 ILCS §5/2-209(a)(2) because Defendants committed tortious acts within Illinois; pursuant to 735 ILCS §5/2-209(a)(7) because Defendants Keto and Graham entered into and breached their contracts in Illinois; and pursuant to 735 ILCS §5/2-209(b)(2) because Keto resides in Illinois.

30. Venue is proper under 28 U.S.C. §1391(b) because this is a civil action founded on federal question jurisdiction, Keto resides within this judicial district, and a substantial part of the events giving rise to the claims occurred within this judicial district.

## COUNT I

**TRADE SECRET MISAPPROPRIATION
PURSUANT TO 18 U.S.C. §1836 et seq.
Against All Defendants**

1 – 30.   Plaintiff adopts and realleges Paragraphs 1 – 30 above as Paragraphs 1 – 30 of this Count I.

31.   Pursuant to the terms of the Confidentiality Agreements signed by Keto and Graham (Exhibits A and B) employees agreed that "confidential information" includes "formulae, compilations, computer programs and files, source code and object code, devices, methods, techniques, know-how inventions, research and development, business data (including cost and pricing data), strategies, methods, prospects, plans and opportunities, customer lists, marketing plans, specifications, financial information, invention disclosures, patent applications (whether abandoned or not), techniques, products, services and research." (Exhibits A & B at ¶¶ 1.1).

32.   Defendants Keto and Graham acknowledged and agreed that they would be exposed to and likely to handle "confidential information" and trade secret(s), which were to be kept confidential and not to be used or disclosed to any party other than FastModel.

33.   A version of FastDraw® was released on October 4, 2013 and was sold to and used by basketball coaches and players world-wide.

34.   The FastDraw® source code constitutes one of FastModel's trade secrets within the meaning of the Defend Trade Secrets Act of 2016 18 U.S.C. §1836 *et seq.* because the source code is sufficiently secret for FastModel to derive competitive and economic value from not being generally known to the public, as well as its competitors, including Luceo Sports.

5

35. FastModel makes reasonable efforts and takes reasonable precautions to protect its confidential information and trade secrets, including but not limited to having a security password to log into their laptops.

36. FastModel does not disclose its trade secrets to third parties without first obtaining a signed Non-Disclosure and Confidentiality Agreement.

37. FastModel does not disclose its trade secrets to its own employees without first obtaining a signed Confidentiality/Work Made for Hire Agreement substantially in the form of those signed by Defendants Keto and Graham.

38. FastModel does not disclose or make its trade secrets available to its employees unless those employees have a *bona fide* need to know.

39. FastModel's trade secrets allow it to produce superior software to its end users in a manner that responds to the high-quality standards and needs of its customers around the world.

40. FastModel is the leader in its industry and enjoys a reputation for supplying high-quality software products.

41. During their employment, Keto was responsible for drafting portions of the source code for FastDraw® for the benefit of FastModel.

42. By reason of Keto's position and responsibilities, he had access to the FastModel's trade secrets.

43. Keto and Graham had knowledge and were well aware of FastModel's confidential information and trade secrets and their obligation not to disclose or use that information outside of their work with FastModel.

44. In November 2014, Keto's employment with FastModel was terminated.

6

45. In December 2014, Keto started his employment with Luceo Sports as the Chief Technology Officer.

46. On December 10, 2014, Graham's employment with FastModel was terminated.

47. Upon Graham's termination, Graham signed a Confidential Agreement and General Release Agreement ("Release Agreement"). A true and correct copy of the Release Agreement is attached as Exhibit E.

48. Pursuant to the Release Agreement, Graham acknowledged and agreed that he would return any and all confidential information to FastModel. (Exhibit E at ¶ 16).

49. Pursuant to the Release Agreement, Graham acknowledged and agreed again not to directly or indirectly use or disclose any confidential information and trade secrets. (*Id.* at ¶ 17).

50. On information and belief, Graham subsequently began working with Keto at Luceo Sports.

51. On information and belief, Luceo Sports released its iOS software named "Assist" for basketball playbooks on September 29, 2016.

52. Assist iOS is substantially similar to FastDraw® iOS.

53. Upon information and belief, Assist iOS improperly contains source code and other proprietary materials owned by FastModel.

54. As of 2016, Defendants misappropriated Plaintiff's trade secrets of FastDraw® iOS through improper means.

55. Defendants' conduct was done willfully and deliberately and solely to exploit and misappropriate FastModel's software.

## COUNT II

### BREACH OF CONTRACT – KETO AND GRAHAM

1 – 30. Plaintiff adopts and realleges Paragraphs 1 – 30 above as Paragraphs 1 – 30 of this Count II.

56. On February 12, 2013, Graham signed the Confidentiality Agreement. (Exhibit B).

57. On June 16, 2013, Keto signed the Confidentiality Agreement. (Exhibit A).

58. By signing their Confidentiality Agreements, Keto and Graham acknowledged and understood their obligation and duty and agreed not to use that intellectual property, confidential information, and trade secret outside of FastModel nor for their own benefit after termination. (Exhibits A & B at ¶¶ 1.2).

59. Keto and Graham acknowledged and agreed that any intellectual property, including the FastDraw® source code, made or conceived by Keto and Graham during the period of employment with FastModel would be assigned to FastModel. (*Id.* at ¶¶ 2.2.3).

60. Pursuant to their Confidentiality Agreements, assigning the intellectual property rights to FastModel transferred all rights, title, and interest in the FastDraw® source code to FastModel. (*Id.* at ¶¶ 2.3).

61. Keto and Graham acknowledged and agreed that any intellectual property, including the FastDraw® source code, made or conceived by them during the period of employment with FastModel would be deemed a "work for hire" within the meaning of 17 U.S.C. §101. (*Id.*).

62. Keto and Graham breached the Confidentiality Agreement by using the FastDraw® source code for the benefit of themselves and Luceo Sports in a competing product.

63. As a result of Keto and Graham's breach, FastModel has been damaged.

64. Pursuant to the Confidentiality Agreement, FastModel is entitled to injunctive relief. (*Id.* at ¶¶ 7).

65. Pursuant to the Confidentiality Agreement, Keto and Graham acknowledged and agreed that FastModel "would suffer immediate and irreparable loss if [Defendant] violated the terms of the Agreement, which losses could not be adequately remedied by money damages alone." (*Id.*).

66. Pursuant to the Confidentiality Agreement, Keto and Graham acknowledged and agreed that "in addition to any other rights or remedies, all of which shall be deemed cumulative, [FastModel] shall be entitled to obtain injunction relief to enforce the terms of this Agreement." (*Id.*).

67. Keto's and Graham's conduct has irreparably harmed FastModel.

68. The monetary value of harm, including damages to FastModel's business, goodwill, reputation, and competitive advantage in the marketplace, caused by the use and/or disclosure of FastModel's confidential information cannot be reasonably ascertained in a dollar amount.

69. As a result, in the case that money damages are inadequate, FastModel does not have an adequate remedy at law.

70. The harm that FastModel has suffered and will continue to suffer as a result of Defendants' misconduct outweighs any potential harm Defendants or that the public may suffer as a result of the injunctive relief sought by FastModel.

71. Pursuant to the Confidentiality Agreement, Keto and Graham acknowledged and agreed that FastModel "shall be entitled to recover from [Defendant] reasonable attorneys' fees and costs in the event that [FastModel] acts to enforce its rights hereunder." (*Id.* at ¶¶ 7).

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, FastModel Holdings, LLC d/b/a FastModel Sports®, respectfully prays that:

1. This Court will enter judgment in favor of Plaintiff and against all Defendants on Counts I and against Defendants Keto and Graham on Count II.

2. This court will enter an Order against Defendants and all those in concert or participation with them permanently enjoining them from using or disclosing FastModel's confidential information, including the FastDraw® source code.

3. Defendants be ordered to pay FastModel the amount of damages suffered as a result of Defendants' misconduct and misappropriation of trade secrets.

4. Defendants be ordered to return any and all documents, electronic or otherwise, containing, referring, or relating to FastModel's confidential information and trade secrets, including but not limited to the FastDraw® source code.

5. This Court will enter an Order permanently enjoining Defendants and all of those in concert or participation with them from engaging in further acts of misappropriation.

6. Pursuant to the terms of the Confidentiality Agreements (Exhibits A and B), award to FastModel its costs, including reasonable attorneys' fees incurred in bringing this action.

7. This Court will award FastModel twice its damages by reasons of Defendants' willful and malicious misconduct pursuant to 18 U.S.C. §1863(b)(3)(C).

8. This Court will grant such other relief as this Court deems proper and just.

**JURY DEMAND**

Plaintiff demands a trial by jury.

FASTMODEL HOLDINGS, LLC d/b/a
FASTMODEL SPORTS®

/s/ *Christopher W. Niro*
Christopher W. Niro
Attorney for Plaintiff

Christopher W. Niro
William L. Niro
JOHNSON & BELL, LTD.
33 W. Monroe Street, Suite 2700
Chicago, IL 60603
niroc@jbltd.com
nirow@jbltd.com
P: (312) 372-0770
F: (312) 372-9818

## **VERIFICATION**

      Ross Comerford, declares under penalty of perjury under the laws of the United States of America that he is the Founder and Chief Executive Officer of the Plaintiff, FastModel Holdings, LLC, d/b/a FastModel Sports® successor in interest to FastModel Technologies, LLC d/b/a FastModel Sports® in the above caption matter, that he read and is familiar with the allegations set forth in this Verified Complaint, and the allegations set forth therein are true and correct based upon my personal knowledge, and upon information and belief derived from an inspection and review of company records.

                                                  Ross Comerford